IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| MATTIE LENE R. HALL, | * | |
| Plaintiff, | * | |
| v. | * | CV 112-088 |
| CARL C. BROWN, JR.; DORIS BELCHER; DAVID HUGUENIN; COLUMBIA COUNTY, GEORGIA; CHAIRMAN OF COLUMBIA COUNTY COMMISSION; SUPERIOR COURT OF COLUMBIA COUNTY; ESTATE OF MARGARET PHILPOT MCKIE GREEN; | * | |
| Defendants. | * | |

**O R D E R**

Presently pending before the Court is Defendants Carl C. Brown, Jr. and David Huguenin's motion to dismiss (doc. no. 11) and Defendant Superior Court of Columbia County's motion to dismiss (doc. no. 13). Upon due consideration and for the reasons set forth below, both motions are **GRANTED**. Furthermore, Plaintiff's claims as to the remaining defendants are **DISMISSED WITH PREJUDICE**.

# I. BACKGROUND[1]

This case arises out of an alleged oral contract between Plaintiff Hall and decedent Margaret Philpot McKie Green. A review of Plaintiff Hall's previous filings,[2] taken together with the allegations set forth here in her complaint and amended complaint, reveals the following set of facts.

According to a complaint filed in the Superior Court of Columbia County, Georgia (CV 87-429), Plaintiff met Green in

---

[1] When ruling on a motion to dismiss, the court must accept all facts alleged in the complaint as true and must construe all reasonable inferences in the light most favorable to the nonmoving party. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002).

[2] In their motions to dismiss, Defendants request that the Court take judicial notice of the facts that can be determined from Plaintiff Hall's previous pleadings and filings. Defendants Huguenin and Brown urge the Court to consider the complaints and documents Plaintiff filed in the following cases:

| Case Name | Docket Number | Date of Filing |
|---|---|---|
| Hall v. Estate of Margaret Philpot Green | 94-CV-00083-AAA | June 1, 1994 |
| Hall v. Harold Bussey and Annie Ealy Bussey | 94-CV-00086-AAA | June 6, 1994 |
| Hall v. David L. Huguenin and Carl C. Brown | 94-CV-00087-AAA | June 7, 1994 |
| Hall v. Harold Bussey and Annie Ealy Bussey | 94-CV-00091-DHB | June 6, 1994 |
| Hall v. David L. Huguenin and Carl C. Brown | 94-CV-00092-DHB | June 7, 1994 |
| Hall v. Judge William M. Fleming, Jr. | 94-CV-00098-DHB | June 29, 1994 |

The Court may take judicial notice of pleadings and orders when the documents are matters of public record and are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned. Horne v. Potter, 392 Fed. Appx. 800, 802 (11th Cir. 2010). Pleadings and documents filed in other judicial proceedings are public documents. See Universal Express, Inc. v. United States SEC, 177 Fed. Appx. 52, 53 (2006). When considering a Rule 12(b)(6) motion to dismiss, a court may take judicial notice of the public records without converting the motion to dismiss to a motion for summary judgment. Id. Accordingly, the Court takes judicial notice of the pleadings and filings in the above-mentioned cases without converting the motion to dismiss to a motion for summary judgment.

April of 1975 when she purchased land from her. They eventually entered into an oral agreement for Plaintiff to provide Green with various services. Specifically, the agreement provided for Green to pay Plaintiff $3,000 per year for the following services: cleaning, cooking, assisting with hygiene, physical therapy, banking, medical services, transportation, telephone and correspondence aid, nighttime care, etc. Plaintiff furnished these services from April of 1975 until April of 1985. This ten year period thus culminated in a total of $30,000 being owed to Plaintiff. Each year, as the Plaintiff rendered these services, Green promised to pay Plaintiff. Prior to Green's passing, she entered into an agreement with Plaintiff to leave certain real property to her in her will in exchange for the ten years of service. According to Plaintiff, the property was roughly valued at $30,000. However, on October 24, 1985, Green passed away without making any of the promised payments to Plaintiff. At the time of Plaintiff's passing, Defendant Carl Brown was Green's lawyer.[3] Defendant Belcher was the executrix of Green's estate.

On October 26, 1987, Plaintiff filed suit (CV 87-429) in the Superior Court of Columbia County, Georgia, against Green's estate and Belcher to recover the alleged $30,000 owed after the probated will yielded no payments or land to Plaintiff. After

---

[3] Brown was made a party in this series of lawsuits in Civil Action File No. 94-CV-00092. In that case, Plaintiff alleged that Brown changed Green's will prior to her death, resulting in a probated will that did not devise any property to Plaintiff.

3

the state case was commenced, Defendant David Huguenin intervened because he purchased property rights from one of Green's heirs. Ultimately, Plaintiff, through counsel, voluntarily dismissed the case without prejudice on March 19, 1990. Plaintiff subsequently moved to set aside the dismissal. On May 19, 1990, a hearing was held regarding whether the case could be reinstated. The Superior Court denied the motion, finding that Plaintiff's voluntary dismissal terminated the case, and thus there was nothing for the court to reinstate. Plaintiff did not appeal from that order.

Plaintiff filed her complaint in the instant action on June 25, 2012, and she filed her amended complaint on August 8, 2012. Plaintiff asks the Court to (1) award monetary damages to her for a violation of her due process rights and (2) to enforce the contract that was made between her and Green for $30,000. On August 28, 2012, Defendants Carl C. Brown and David Huguenin filed their motion to dismiss. (Doc. no. 11.) The Superior Court of Columbia County filed its motion to dismiss on August 29, 2012. (Doc. no. 13.) The outstanding motions have been fully briefed and are now ripe for the Court's consideration.

## II. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Scheur v.

4

Rhodes, 416 U.S. 232, 236 (1974). The court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The court, however, need not accept the complaint's legal conclusions as true, only its well-pled facts. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

A complaint also must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. at 663 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although there is no probability requirement at the pleading stage, "something beyond . . . mere possibility . . . must be alleged." Twombly, 550 U.S. at 556-57 (citing Durma Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005)). When, however, on the basis of a dispositive issue of law, no construction of the factual allegations of the complaint will support the cause of action, dismissal of the complaint is appropriate. See Executive 100, Inc. v. Martin County, 922 F.2d 1536, 1539 (11th Cir. 1991).

## III. DISCUSSION

With respect to the moving Defendants, Plaintiff's Complaint and Amended Complaint fail to state a claim upon which relief can be granted. As to the Superior Court of Columbia County, Plaintiff alleges that the procedure implemented by the court system "worked to deprive [her] of [her] constitutional rights of due process." (Am. Compl. at 4.) Specifically, Plaintiff states that the "hearing judge was not the judge who was present when the erroneous dismissal was made. The system at that time . . . did not assign cases to a particular judge . . . ." (Id.) Plaintiff avers that the "system of not assigning a particular case to any particular judge from inception to termination worked to violate [her] rights of due process under the [Fourteenth Amendment] and denied [her the] right to litigate for [her] property rights." (Id. at 5.) As to Defendants Brown and Hugunein, Plaintiff states that they "conspired to mislead the court by omission of critical facts that led to the denial of [her] due process rights. This deprivation of [her] due process and property rights has been [] continuous and ongoing . . . ." (Id.)

Among myriad other asserted defenses, both parties move the Court to dismiss Plaintiff's claims as time barred under the applicable statute of limitations.[4] "A complaint may be

---

[4] More specifically, Defendant Superior Court of Columbia County asserts the following defenses: (1) Eleventh Amendment immunity, (2) Rooker-Feldman Doctrine, (3) failure to state a due process claim because the defendant is

6

dismissed for failure to state a claim 'when its allegations . . . show that an affirmative defense bars recovery on the claim.'" Horne, 392 Fed. Appx. at 801 (citing Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc)). A statute of limitations defense is an affirmative defense. See Fed. R. Civ. P. 8(c)(1).

Plaintiff first asks the Court to award her monetary damages for the deprivation of her due process rights under 42 U.S.C. § 1983. The applicable statute of limitations for § 1983 actions in Georgia is the limitations period for personal injury actions. Williams v. Atlanta, 794 F.2d 624, 626 (11th Cir. 1986); Clark v. City of Macon, 860 F. Supp. 1545, 1552 (M.D. Ga. 1994). In Georgia, the limitations period applicable to personal injury actions is two years. Camps v. Warner Robins, 822 F. Supp. 724, 729 (M.D. Ga. 1993); O.C.G.A. § 9-3-33. "In Section 1983 cases, the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for [her] rights." Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987). Thus, Plaintiff had two years from the time the § 1983 action accrued to file her complaint.

---

not a "person" within the meaning of 42 U.S.C. § 1983, and (4) failure to state a due process claim. Further, Defendants Huguenin and Brown assert, among others, the following defenses: (1) failure to state a claim against Brown because he owed no legal duty to Plaintiff, (2) as to Defendant Huguenin, the probate abstention doctrine, and (3) res judicata. Despite these defenses having strong merit and because Plaintiff's claims are undoubtedly barred by Georgia's applicable statute of limitations, the Court need not delve into their applicability.

7

The events Plaintiff complains of, specifically the "system of not assigning a particular case to any particular judge from inception to termination," (Am. Compl. at 5), occurred at the hearing on her motion to reinstate her case that was filed in the Columbia County Superior Court. Plaintiff alleges that the hearing, which occurred on May 19, 1990, is the foundation of her § 1983 claim. Her claim, therefore, has been filed approximately twenty years too late and is undoubtedly time barred.

Plaintiff's pleadings also ask the Court to enforce the alleged oral contract between her and Green. Since the alleged oral contract was a simple oral contract, the applicable statute of limitations is four years. See O.C.G.A. § 9-3-26. To the extent Plaintiff seeks recovery against Green's estate on the theory that they contracted for Green to make a will leaving her as beneficiary of a land parcel, the applicable statute of limitations is still four years. Ansley v. Ansley, 307 Ga. App. 388, 391 (2010); O.C.G.A. § 9-3-25. Regardless of which properly characterizes Plaintiff's assertions, the latest the cause of action accrued was at the time of Green's death. See Banks v. Howard, 117 Ga. 94, 96-97 (1903) ("If the consideration of the contract is personal service rendered the deceased during his lifetime, and the party damaged by the failure to make the will in accordance with the agreement elects to sue for a breach of the contract, the death of the other party without making the

8

will in accordance with his agreement is to be deemed a breach of the contract, and the statute of limitations will not begin to run until his death."); Ansley, 307 Ga. App. At 391 (noting that the claims arising out of an alleged breach of an oral contract to make a will accrued upon the death of the deceased).

Once again, Plaintiff filed this case on June 25, 2012. The record indicates that Green passed away on October 24, 1985. Plaintiff's claims are thus barred by the statute of limitations.

In her response briefs, Plaintiff argues that the statute of limitations should be tolled due to her alleged "disability." "[P]ersons who are legally incompetent because of mental retardation or mental illness, who are such when the cause of action accrues, shall be entitled to the same time after their disability is removed to bring an action as is prescribed for other persons." O.C.G.A. § 9-3-90. Under this standard:

> The test for mental incapacity is not whether one did not manage [her] own affairs, acquiescing in the management thereof by others, or whether one has merely managed [her] affairs unsuccessfully or badly. That one was not "bright" or not clear about some matters occurring during the period is not evidence of mental incompetency. *The test is one of capacity- whether the individual, being of unsound mind, could not manage the ordinary affairs of [her] life.*

Lawson v. Glover, 957 F.2d 801, 805 (11th Cir. 1987) (emphasis in original). The determination may be made by the trial court as a matter of law, and the burden is on the plaintiff to prove

9

incapacity. Thompson v. Corr. Corp. of Am., 485 Fed. Appx. 345, 347 (11th Cir. 2012).

With these standards in mind, the Court concludes that Plaintiff failed to meet her burden to prove incapacity. Here, Plaintiff alleges her disability was of the "nature of severe hypertension combined with anxiety." (Doc. no. 20, at 1.) However, Plaintiff makes no showing whatsoever that when the potential cause of action accrued (either in 1985 at the time of Green's passing or in 1990 during the Superior Court hearing) she was disabled as defined by Georgia law. Further, even if Plaintiff was disabled at the time of the cause of action accruing, she was certainly not disabled in 1994. If Plaintiff was disabled and "unable to manage the ordinary affairs of her life," id., she would not have been able to file, pro se, six lawsuits all within a one month timeframe. Indeed, careful review of Civil Action No. CV-194-098, another case initiated by Plaintiff, yields a signed public notice dated May 2, 1996, that states: "I, Mattie Hall, being of sound mind, so make and declare that I am capable of making my own decisions." Even if the statute of limitations clock began ticking at that time in 1996, Plaintiff's claims would still undoubtedly be time barred. Defendants' motions to dismiss are thus **GRANTED**.

The Court next turns to the status of the remaining defendants. "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss

10

where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Loman Dev. Co. v. Daytona Hotel & Motel Suppliers, Inc., 817 F.2d 1533, 1537 (11th Cir. 1987); Silverton v. Dep't of Treasury, 644 F.2d 1341, 1344 (9th Cir. 1981); Rosser v. Chrysler Corp., 864 F.2d 1299, 1304 (7th Cir. 1988). Here, as described above, Plaintiff's allegations against all of the defendants arise from the alleged oral employment contract with Green and from a hearing on her motion to reinstate the case dismissed by the Superior Court of Columbia County. The dates of these events are undisputed, and thus Plaintiff's claims against *all* of the defendants are clearly barred by Georgia's applicable statute of limitations. The Court is satisfied that the remaining defendants[5] are in a position similar to that of the moving defendants and that the claims against them are integrally related. Accordingly, Plaintiff's claims against the remaining defendants are **DISMISSED WITH PREJUDICE.**

---

[5] The Court notes that United States Magistrate Judge Barfield entered a show cause order on October 31, 2012, regarding a possible failure to effect service upon Defendants Belcher and the Estate of Margaret Philpot McKie Green. (Doc. no. 23.) Plaintiff responded to the order but the merits of her response have yet to be considered. However, the Court need not address this issue because this Court's ruling dismissing the case will apply to all of the defendants in this action, including any unserved defendants. See Sullivan v. Nee, No. 3:08cv486/LAC, 2009 U.S. Dist. LEXIS 61047, at *1 n.1 (N.D. Fla. July 17, 2009) (noting that the court's ruling will apply to an unserved defendant because the two defendants are so integrally related).

11

## IV. CONCLUSION

Based upon the foregoing, Defendants' Motions to Dismiss are **GRANTED**. (Doc. nos. 11, 13.) Plaintiff's claims against all of the defendants are **DISMISSED WITH PREJUDICE**. The Clerk is directed to **CLOSE** the case.

**ORDER ENTERED** at Augusta, Georgia, this 30th day of January, 2013.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA